```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      SOUTHERN DIVISION
```

KENNETH K. FAVRE                                            PLAINTIFF

VS.                                CIVIL ACTION NO. 1:07cv55-LTS-RHW

ALLSTATE INSURANCE COMPANY, WELLS FARGO
HOME MORTGAGE, INC. AND JOHN DOES 1 THROUGH 10      DEFENDANTS

## ALLSTATE INSURANCE COMPANY'S
## MOTION TO ENFORCE SETTLEMENT AGREEMENT

Allstate Insurance Company, through counsel, hereby files its Motion to Enforce Settlement Agreement, and states to the Court the following:

1. This is (or was prior to Judgment of Dismissal being entered pursuant to settlement of the matter) a "Hurricane Katrina lawsuit" filed by the Plaintiff, Kenneth K. Favre, against Allstate Insurance Company, the Plaintiff's homeowners insurance carrier, and Wells Fargo Home Mortgage, Inc., the mortgageholder for the property damaged or destroyed by the hurricane.

2. The above-styled and numbered legal action was originally commenced on January 23, 2007, with the filing of a Complaint by the Plaintiff (hereinafter "Favre").

3. On or about February 22, 2007, the Defendant, Wells Fargo Home Mortgage, Inc. (hereinafter "Wells Fargo"), filed its Answer and Affirmative Defenses.

4. On or about February 26, 2007, Allstate Insurance Company (hereinafter "Allstate") filed its Answer and Defenses.

5. A telephonic Case Management Conference was conducted by this Court on April 2, 2007, and a Scheduling Order governing this litigation was entered by the Court.

6. Certain Pre-Discovery Disclosures were made and various discovery was accomplished by the parties thereafter.

7. On August 13, 2007, this Court ordered this matter to mediation.

8. This matter was settled by agreement of two of the parties, Favre and Allstate, pursuant to a privately-conducted (versus court-supervised) settlement conference, and Favre expressly agreed to pay Wells Fargo's lien as part of the settlement.

9. On August 23, 2007, Favre and his counsel executed a Full and Complete Release of Any and All Claims With Confidentiality and Indemnity Provisions. See redacted copy of Release attached as Exhibit "1"[1].

---

[1] Allstate, through counsel, has redacted the specific amount paid as consideration for the settlement but will certainly provide that amount to the Court in a confidential and protected manner and, as will be shown to this Court, Allstate has determined that the amount paid to settle the Plaintiff's claims was more than enough for the Plaintiff to have paid Wells Fargo's lien in full as that lien existed at the time of settlement (and still exists now).

10. As part of the settlement agreement, the Release specifically provided as follows:

> In further consideration of the sum specified hereinabove, the undersigned Kenneth Kraig Favre promises and warrants to Allstate that there are no liens or claims whatsoever on or against the sum being paid by Allstate to Kenneth Kraig Favre in consideration of this Release, and Kenneth Kraig Favre further promises and warrants that, if any such liens or claims whatsoever exist or may arise, Kenneth Kraig Favre will satisfy, resolve, pay or extinguish said liens or claims with no liability of any type whatsoever on Allstate's part.
>
> In further consideration of the sum specified hereinabove, the undersigned Kenneth Kraig Favre promises and warrants to indemnify and hold Allstate harmless in all respects whatsoever against any claim or lien which may be filed or asserted by any person or party on account of, for and on behalf of, or in any manner in regard to the damages and expenses sustained by or through Kenneth Kraig Favre or in regard to any expenses arising out of or as a result of the Claims or the Property Damage or the Claims Handling as all are generally described above, and the undersigned Kenneth Kraig Favre will defend, indemnify, and hold Allstate fully and completely harmless in all respects whatsoever, including but not limited to any expenses incurred or damages suffered as a result of any actions or claims or liens pursued or asserted by any person or party whatsoever on, under, or as a result of any such basis, including but not limited to any person or entity claiming any ownership interest or security interest in or as to the Property.

See pages 4-5 of the redacted Release attached as Exhibit "1".

3

11. In addition to the above-quoted language from the settlement agreement, the following is also part of the settlement agreement:

> APPROVED AND AGREED TO by the undersigned, and specifically joined in as to the terms and conditions including, but not limited to, the indemnity and hold harmless provisions in regard to any and all lienholders:
>
> [signed by Earl Denham, Esquire]
> EARL DENHAM, ESQUIRE (MSB #6047)
> ATTORNEY FOR PLAINTIFF,
> KENNETH KRAIG FAVRE

See page 8 of the redacted copy of the Release attached as Exhibit "1".

12. During the settlement process, Allstate was informed by plaintiff counsel that the exact amount of the existing mortgage lien was not known and, as part of the settlement agreement, Kenneth Favre and his counsel demanded the mortgage company not be listed as a payee on the settlement check, but Kenneth Favre expressly and specifically assured Allstate that "if any . . . liens . . . exist . . ., Kenneth Kraig Favre will satisfy, resolve, pay or extinguish said liens . . . with no liability on Allstate's part." See Exhibit "1", page 4.

13. Moreover, both Kenneth Kraig Favre and his legal counsel, Earl Denham, Esquire, expressly and specifically assured Allstate in writing that Allstate would be indemnified and held

harmless in regard to any liens, including any lien asserted by Wells Fargo, of course, who is "claiming [an] ownership interest or security interest in or as to the Property". See Exhibit "1" page 5.

14. Pursuant to the settlement agreement, this Court entered a Judgment of Dismissal on August 30, 2007. See copy of Judgment of Dismissal attached as Exhibit "2".

15. The Judgment of Dismissal entered by this Court specifically provided as follows:

> By agreement of the parties, the Court hereby retains jurisdiction to enforce the settlement agreement. If any party fails to consummate the settlement agreement within thirty (30) days, any aggrieved party may move to reopen the case for enforcement of the settlement agreement. Upon hearing any motion for enforcement of the settlement agreement, the Court may award attorneys' fees and costs to the prevailing party.

See copy of Judgment of Dismissal attached as Exhibit "2".

16. Over two years have passed since the settlement agreement was reached and the Judgment of Dismissal was entered by the Court, but Kenneth Favre and his counsel have yet to "satisfy, resolve, pay or extinguish" Wells Fargo's mortgage lien as they expressly and specifically agreed to do. See Exhibit "1", page 4.

17. Wells Fargo has made demands on Allstate to pay the mortgage lien in full as it still exists, and Allstate has in turn made demands on Kenneth Favre (through his counsel) and on Kenneth Favre's counsel to pay the mortgage lien. See following attached exhibits:

  Exhibit "3"   Letter dated September 8, 2009, from William C. Griffin, counsel for Allstate, to Jason Embry of the Denham Law Firm, counsel for Mr. Kenneth Favre

  Exhibit "4"   Letter dated September 10, 2009, from William C. Griffin, counsel for Allstate, to Earl Denham, counsel for Mr. Kenneth Favre

  Exhibit "5"   Letter dated September 10, 2009, from William C. Griffin, counsel for Allstate, to Sheryl Bey, counsel for Wells Fargo

  Exhibit "6"   Letter dated September 14, 2009, from William C. Griffin, counsel for Allstate, to Sheryl Bey, counsel for Wells Fargo with attached e-mail referred to in the letter

  Exhibit "7"   Letter dated September 14, 2009, from William C. Griffin, counsel for Allstate, to Earl Denham, counsel for Kenneth Favre

18. Allstate has been informed the mortgage lien has still not been paid as of the date of this Motion being filed (October 8, 2009), and Wells Fargo has threatened litigation against Allstate if the mortgage lien is not paid promptly.

19. Arguably, Allstate could have waited until Wells Fargo proceeded with litigation against Allstate, thereby necessitating

Allstate incurring attorney's fees and expenses in defending itself, and Allstate could have then sought full indemnification from Favre and Earl Denham, Esquire and to otherwise be held harmless. However, by the filing of this Motion, Allstate hereby seeks to resolve this matter before any such litigation and thereby mitigate any such damages and/or prevent such damages from being suffered by Allstate.

20. All three parties (Plaintiff Favre, Defendant Allstate, and Defendant Wells Fargo) were previously before this Court in this action, and this Court's Judgment of Dismissal was entered predicated on performance of the settlement agreement which Plaintiff Favre has failed to fulfill.

21. Under the Judgment of Dismissal, this "Court retains jurisdiction [over this matter and all three parties] to enforce the settlement agreement", and Allstate hereby files this motion as an "aggrieved party" under the provisions of the Judgment of Dismissal. See copy of Judgment of Dismissal attached as Exhibit "2".

22. Specifically, Allstate hereby moves this Court "to reopen the case for enforcement of settlement agreement" as provided for in the Judgment of Dismissal. See copy of Judgment of Dismissal attached as Exhibit "2".

23. Further, Allstate hereby requests this Court to enforce the settlement agreement and order the Plaintiff to fulfill the settlement agreement by paying Wells Fargo's mortgage lien in the amount demonstrated by Wells Fargo to be currently owed under the circumstances (upon a hearing by the Court or otherwise).

24. Still further, Allstate hereby requests this Court to exercise its discretion as to an award of attorney's fees and costs to Allstate under the circumstances of this matter if the Court deems such an award to be appropriate.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Allstate requests this Court to provide Allstate the relief requested and any other relief appropriate under the circumstances.

Respectfully submitted,

ALLSTATE INDEMNITY COMPANY


By: s/William C. Griffin
WILLIAM C. GRIFFIN (MSB #5021)

OF COUNSEL:

CURRIE JOHNSON GRIFFIN GAINES & MYERS
1044 River Oaks Drive
Post Office Box 750
Jackson, Mississippi  39205-0750
Telephone:    601-969-1010
Telecopier:   601-969-5120

**CERTIFICATE OF SERVICE**

I do hereby certify that on October 8, 2009, I <u>electronically</u> filed the foregoing with the Clerk of the court using the ECF system which sent notification of such filing to the following:

Earl Denham, Esquire
Denham Law Firm, Ltd.
P. O. Drawer 580
Ocean Springs, MS 39566-0580

ATTORNEY FOR PLAINTIFF

Sheryl A. Bey, Esquire
BAKER DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
4268 I-55 North
Jackson, MS 39211

ATTORNEY FOR WELLS FARGO

<u>S/William C. Griffin</u>
WILLIAM C. GRIFFIN