UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KENNETH K. FAVRE**                                                                                    **PLAINTIFF**

**V.**                                                              **CIVIL ACTION NO. 1:07cv55-LG-JMR**

**ALLSTATE INSURANCE COMPANY,**
**WELLS FARGO HOME MORTGAGE, INC.,**
**AND JOHN DOES 1 THROUGH 10**                                                 **DEFENDANTS**

## WELLS FARGO'S RESPONSE IN SUPPORT OF
## ALLSTATE'S MOTION TO ENFORCE SETTLEMENT

**COMES NOW** Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A. ("Wells Fargo") and submits its Response in favor of Allstate's Motion to Enforce Settlement Agreement with plaintiff.

Wells Fargo was joined as a Rule 19 defendant in the insurance dispute brought by Plaintiff against his home owner's insurer, Allstate Insurance Company ("Allstate") in 2007. Prior to mediation in August 2007, Allstate and Plaintiff settled their dispute. On September 11, 2007, Wells Fargo's defense counsel was advised that Plaintiff had mailed a check in the amount of $17,000 to Wells Fargo, that Plaintiff was current on his mortgage payments, and that Plaintiff intended to pay-off his mortgage in the near future.[1] Wells Fargo instructed undersigned counsel to close its file pending receipt of the mortgage pay-off.

Instead of being current on his mortgage payments, it appears that Plaintiff was actually in arrears at the time the lawsuit was dismissed. However, the $17,061.51 check was ultimately

---

[1] Amazingly enough, neither Allstate nor Plaintiff disclosed that Allstate had paid Plaintiff multiple hundreds of dollars to settle his claims.

received by Wells Fargo in the latter part of 2008, but had to be returned to Plaintiff's counsel because it lacked the requisite endorsements from Plaintiff and his counsel.

During the intervening two (2) years, Plaintiff and his counsel engaged in a dispute with Wells Fargo over the endorsement requirements for the $17,061.51 check. (See Exhibits D-G to Plaintiff's Complaint for Declaratory Judgment Action, attached hereto as Exhibit 1 *en globo*). During this entire time, Plaintiff did not make mortgage payments and did not pay off his mortgage.

On May 4, 2009, Plaintiff filed a Complaint for Declaratory Judgment against Wells Fargo in the Chancery Court of Jackson County, Mississippi, seeking a declaration that his counsel was entitled to recover his attorneys' fee lien on the monies. Attached to the Complaint are copies of correspondence as well as the unredacted "Full And Complete Release Of Any And All Claims With Confidentiality And Indemnity Provisions" between Plaintiff, his counsel and Allstate dated August 23, 2007 (Exhibit H to Plaintiff's Declaratory Judgment action, attached as Exhibit 1). For the first time, Wells Fargo was provided information regarding the amount of Plaintiff's settlement with Allstate and a clear description of the contractual agreement made by Plaintiff and his counsel with Allstate to pay-off Wells Fargo's mortgage with the settlement proceeds.

Wells Fargo's counsel contacted counsel for both Plaintiff and Allstate and demanded that Wells Fargo's mortgage lien be paid in full, including accrued interest and other costs associated with preserving the collateral property. No payments were forthcoming. Eventually, Plaintiff's counsel submitted the endorsed $17,061.51 check to Wells Fargo with a cover letter still asserting counsel's fee lien on the proceeds. (Exhibit "2"). Thereafter, Plaintiff's counsel's assistant tendered another offer of compromise by e-mail to Wells Fargo's counsel for less than

the full amount owed. That offer had been submitted to Wells Fargo for consideration when Allstate's motion was filed. It has since been rejected.

As holder of the Note and Deed of Trust executed by Plaintiff, as a payee under the Allstate contract of insurance and a third party beneficiary of the Settlement Agreement between Allstate and Plaintiff, Wells Fargo is entitled to have the Settlement Agreement enforced and its mortgage lien paid in full. The current pay-off due to Wells Fargo is $52,472.04. (Exhibit "3").

Wells Fargo was an intended beneficiary of the Settlement Agreement between Plaintiff and Allstate. It remains a beneficiary and the outstanding amounts due it should be paid promptly. Plaintiff and his counsel have been in possession of funds sufficient to have retired this mortgage for over two years. The debt owed should be paid. Wells Fargo respectfully requests that this matter be reopened to enforce the Settlement Agreement between Plaintiff and Allstate and that the parties be ordered to pay Wells Fargo's outstanding mortgage on this property.

THIS the 13th day of October, 2009.

Respectfully submitted,

**WELLS FARGO HOME MORTGAGE,**
A Division of Wells Fargo Bank, N.A.

**By its attorneys,**

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

BY: /s/ Sheryl Bey
**SHERYL BEY**

Sheryl Bey, Esq. (MSB No. #9484)
Frederick N. Salvo, III, Esq. (MSB #100419)
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC
Post Office Box 14167
Jackson, Mississippi   39236
Telephone: (601) 351-2400
Facsimile:   (601) 351-2424

4

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Earl Denham, Esq.
Denham Law Firm, Ltd.
424 Washington Avenue
Post Office Drawer 580
Ocean Springs, MS 39566-0580
tynes@denhamlaw.com

William C. Griffin, Esq.
Currie Johnson Griffin Gaines & Myers
1044 River Oaks Drive
Post Office Box 750
Jackson, MS 39205-0750
bgriffin@curriejohnson.com

THIS the 13th day of October, 2009.

/s/ Sheryl Bey
**SHERYL BEY**