UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KENNETH K. FAVRE**                                                                                     **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO.1:07CV55 LTS-RHW**

**ALLSTATE INSURANCE COMPANY and**
**WELLS FARGO HOME MORTGAGE, INC.**                               **DEFENDANT**

## SUPPLEMENTAL OPINION AND ORDER
## ON THE MOTION [23] OF ALLSTATE INSURANCE COMPANY TO ENFORCE SETTLEMENT AGREEMENT

      Plaintiff Kenneth K. Favre (Favre) has now responded to my order [39] entered on October 4, 2010, and based on my reading of his response and supporting affidavit, I find that I am now in a position to make a final ruling on this matter.  The relevant facts are:

1. Favre hired Earl Denham (Denham) to act as his attorney with respect to a property damage claim against Allstate Insurance Company (Allstate).

2. The insured property was security for a mortgage loan, and the lender, the predecessor in interest to Wells Fargo Home Mortgage, Inc., (Wells Fargo), was named as an additional insured on Favre's Allstate policy.

3. Denham negotiated a settlement of Favre's claim under the terms of the settlement agreement Allstate now seeks to enforce.

4. One of the provisions of the settlement agreement required Favre to remove any existing liens on the insured property.

5. The security interest of Wells Fargo was, at the time the settlement agreement was signed, the basis for a valid lien against the insured property.

6. Favre does not contest either the validity or the amount of the Wells Fargo lien.

7. Favre has not yet paid the mortgage debt he owes to Wells Fargo, and thereby satisfied Wells Fargo's lien as he is required to do under the terms of the settlement agreement.

In these circumstances, it is clear to me that Favre must be ordered to pay the remaining balance of the Wells Fargo loan forthwith, as he is required to do by the terms of the settlement agreement.

Favre has submitted his affidavit outlining the post-settlement disagreement he has had with Denham. This disagreement led Favre to discharge Denham, and Favre is now represented by new counsel. But at the time the settlement agreement was negotiated and signed, there is no suggestion that Denham was not authorized to act on Favre's behalf. Thus, the terms of the settlement agreement are binding on Favre, his post-settlement disagreement with Denham notwithstanding.

While I understand Favre's annoyance that the Wells Fargo debt was not satisfied from the proceeds of the settlement at the time Allstate issued the settlement check, it makes no substantial difference (aside from any interest that may have accrued in the interim) whether the Wells Fargo debt was paid then or now. The debt is legitimate, the amount owed is not disputed, the debt is secured by a lien on the insured property, and justice requires that it be paid so that the Wells Fargo lien will be discharged, as the settlement agreement requires. Favre's post-settlement disagreement with Denham cannot in any way affect Allstate's rights under the settlement agreement or Wells Fargo's rights under its mortgage.

I will decline the invitation to award attorneys' fees at this time, but Favre should be aware that if further legal action of any kind is required in this court to bring about performance of the settlement agreement entered into between Allstate and Favre's attorney, I will likely find it necessary to make such an award to the prevailing party.

Accordingly, it is hereby

**ORDERED**

That Plaintiff Kenneth K. Favre shall, within fourteen days of the date of this order, discharge the lien of Wells Fargo Home Mortgage, Inc., by paying in full the underlying mortgage debt.

**SO ORDERED** this 20th day of October, 2010.

        s/ <u>L. T. Senter, Jr.</u>
        L. T. SENTER, JR.
        SENIOR JUDGE